SHINABARGER v CITIZENS MUTUAL INSURANCE COMPANY

Docket No. 78-843. Submitted February 7, 1979, at Lansing.—Decided May 22, 1979. Leave To appeal applied for.

Gary Shinabarger was fatally wounded when a shotgun accidentally discharged as he was handing the shotgun to a friend seated in an automobile. Shinabarger was attempting to enter the automobile at the time. The automobile was owned by a friend and was insured by Citizens Mutual Insurance Company. Shinabarger owned an automobile which was insured by Detroit Automobile Inter-Insurance Exchange. Mary Shinabarger, the widow, and the minor children of the deceased by their next friend Charles Hiemstra, brought an action against the two insurers for payment of personal protection and survivor's benefits as authorized by the no-fault insurance statute. The Kent Circuit Court, George V. Boucher, J., found that the no-fault statute imposed liability on Citizens, as the insurer of the automobile in which the accident occurred, and granted DAIIE's motion for summary judgment. Citizens appeals. *Held:*

1. Under the statute, the injured person should recover benefits first from his own insurer and insurers of members of his immediate household and only secondarily from insurers of other persons involved in the accident. Therefore, the plaintiffs must recover benefits, if they recover at all, from DAIIE, rather than Citizens.

2. The trial court also erred in granting summary judgment for the plaintiffs on the issue of liability. The court found that plaintiffs were entitled to recover benefits as a matter of law. However, in order that an insured may qualify for payment of benefits, there must be a causal connection between the injury and the use of the vehicle, and in this case the record does not establish such a causal connection.

Reversed, and remanded for a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur New Topic Service, No-Fault Insurance § 8.

[2, 3] 7 Am Jur 2d, Automobile Insurance § 82.
Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 89 ALR2d 150.

[4] 7 Am Jur 2d, Automobile Insurance § 90.

1. AUTOMOBILES — INSURANCE — STATUTES — PERSONAL PROTECTION
   BENEFITS.

   The section of the no-fault automobile insurance statute which
   provides for payment of personal protection benefits is intended
   to require that an injured person look first to his own insurer
   and insurers of members of his immediate household, and only
   secondarily to insurers of other persons involved in the acci-
   dent (MCL 500.3114; MSA 24.13114).

2. AUTOMOBILES — INSURANCE — USE OF MOTOR VEHICLE — CAUSAL
   CONNECTION.

   An injured person must establish a causal connection between
   the use of a motor vehicle and the injury in order to qualify for
   insurance coverage for an injury "arising out of the use of a
   motor vehicle as a motor vehicle"; where use of the vehicle is
   one of the causes of the injury a sufficient causal connection is
   established even though another independent cause exists.

3. AUTOMOBILES — INSURANCE — USE OF MOTOR VEHICLE — SITE OF
   INJURY.

   The fact that a vehicle is the site of an injury will not suffice to
   bring the injury within the coverage of an insurance policy
   which provides coverage for injury "arising out of the use of a
   motor vehicle as a motor vehicle" where the injury is entirely
   the result of an independent cause in no way related to the use
   of the vehicle.

4. AUTOMOBILES — INSURANCE — LOADING VEHICLE — CAUSAL CON-
   NECTION.

   Loading of a motor vehicle is use of the motor vehicle for the
   purposes of a no-fault automobile insurance policy; however,
   where a person is injured a causal connection between the
   loading process and the injury must be shown in order to
   qualify the injured person for payment of benefits under the
   policy.

*Reamon, Williams, Klukowski, Craft, Wood &
Drew, P.C.,* for plaintiffs.

*Hillman, Baxter & Hammond* (by *Stephen D.
Turner* and *Michael D. Wade),* for defendant Citi-
zens Mutual Insurance Company.

*Allaben, Massie, Vander Weyden & Timmer,* for

defendant Detroit Automobile Inter-Insurance Exchange.

Before: BASHARA, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

R. M. MAHER, J. Defendant Citizens Mutual Insurance Company brings this appeal from the trial court's denial of its motion for judgment n.o.v. or, in the alternative, for a new trial, on grounds that the trial court erred in finding Citizens liable to plaintiffs as a matter of law and in finding defendant Detroit Automobile Inter-Insurance Exchange not liable as a matter of law.[1] Plaintiffs sought personal protection insurance and survivor's benefits, under policies of no-fault automobile insurance issued by defendants, for the injury to and subsequent death of Gary Shinabarger, husband to Mary Shinabarger and father of the minor plaintiffs.

On October 19, 1975, Gary Shinabarger and several friends, including Donald Alexander, were engaged in "shining" deer, using Alexander's automobile. Shinabarger, who was driving, spotted a deer, stopped the car, and got out to shoot at the animal, apparently without success. He then sought to reenter the automobile, handing the shotgun to the person sitting in the right front seat. At some point, either during the process of handing in the gun or immediately thereafter, the shotgun accidentally discharged, fatally wounding Shinabarger in the head.

---

[1] The issue of damages was tried to a jury, which returned a verdict in the amount of $5,500. Although plaintiffs filed a cross-appeal in this matter, they failed to file a brief in support of their cross-appeal. Although they seek to challenge the amount of the jury verdict in their brief in answer to defendant's appeal, we do not consider the question. Plaintiffs have abandoned their cross-appeal by their failure to file a brief in support thereof as required by GCR 1963, 815.

Gary Shinabarger owned an automobile which was insured by defendant DAIIE. Defendant Citizens insured the automobile in which the accident took place. Plaintiffs brought this action to recover survivor's benefits as authorized by the no-fault insurance act, joining both insurance companies as defendants. Both defendants moved for summary judgment on grounds that the priority provisions of the no-fault act imposed liability, if any, on the other insurer. The trial court denied Citizens' motion and granted DAIIE's motion, holding that § 3114 of the no-fault act, MCL 500.3114; MSA 24.13114, imposed liability on the insurer of the automobile which was the site of the accident, rather than upon the insurer of the injured person. In this, we find that the court erred.

MCL 500.3114; MSA 24.13114 provides in pertinent part:

"(1) Except as provided in subsections (2) and (3), *a personal protection insurance policy applies to accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household.* When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer.

\* \* \*

"(4) *Except as provided in subsections (1) to (3),* a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied." (Emphasis added.)

The trial court apparently read subsection (1) of § 3114 as establishing priorities only where multiple policies exist within the same household, see *Porter v Michigan Mutual Liability Co,* 80 Mich App 145; 263 NW2d 318 (1977), DANHOF, C.J., dissenting. We read subsection (1) as requiring an injured person to seek benefits first from his own insurer, then from the insurer of his spouse or of another relative domiciled in the same household. We read subsection (4) as establishing priorities as among insurers of owners and operators of vehicles involved in an accident, where no other policy may be found which covers an injured person; that is, subsection (4) applies only as a last resort, where neither the injured person, nor his spouse, nor a relative of either domiciled in the same household has purchased a no-fault automobile insurance policy. We think a careful reading of the statute clearly reveals an intent to require an injured person to look first to his own insurer and insurers of members of his immediate household, and only secondarily to insurers of other persons involved in an accident. Our reading of § 3114 is supported by the decisions in several other recent cases dealing with coverage of injuries to nonoccupants of motor vehicles, see *Porter v Michigan Mutual Liability Co, supra, Piersante v American Fidelity Fire Ins Co,* 88 Mich App 607; 278 NW2d 691 (1979), *Esquivel v American Fidelity Fire Ins Co,* 90 Mich App 56; — NW2d — (1979).

In the case at bar, plaintiffs must recover benefits, if they recover at all, from DAIIE rather than Citizens.[2]

---

[2] At oral argument, attorneys for both defendants agreed that

The more difficult question presented by this appeal is whether the trial court erred in granting summary judgment for plaintiffs on the issue of liability. We conclude that it did, for the reasons set forth below.

The scope of coverage of no-fault insurance is set forth in MCL 500.3105; MSA 24.13105, which provides in subsection (1):

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

As for injuries relating to parked vehicles, MCL 500.3106; MSA 24.13106 sets up certain additional criteria:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle."

The trial court in the case now before us held that plaintiffs were entitled to recover benefits as a matter of law, and granted summary judgment for plaintiffs against defendant Citizens Mutual

DAIIE was the insurer from whom benefits would be due if liability were established.

Insurance Company.[3] We are of the opinion that the trial court erred in finding liability as a matter of law on this record. Accordingly, we reverse and remand for a trial on the merits.

We infer from comments made by the trial court during argument on plaintiffs' motion for summary judgment that the court reasoned that because plaintiffs' decedent was entering into or occupying a motor vehicle at the time of the injury, the injury was *per se* an injury arising out of the use of a motor vehicle as a motor vehicle, without regard to the existence of any causal connection between use of the vehicle and the injury. However, cases construing the phrase "arising out of the * * * use of a motor vehicle as a motor vehicle" uniformly require that the injured person establish a causal connection between the use of the motor vehicle and the injury. See Anno: *Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle,* 89 ALR2d 150. Where use of the vehicle is one of the causes of the injury, a sufficient causal connection is established even though there exists an independent cause, see *State Farm Mutual Automobile Ins Co v Partridge,* 10 Cal 3d 94; 109 Cal Rptr 811; 514 P2d 123 (1973), *Cagle v Playland Amusement, Inc,* 202 So 2d 396 (La App, 1967).

The relationship between use of the vehicle and the injury need not approach proximate cause.

"[T]he term 'arising out of' does not mean proximate cause in the strict legal sense, nor require a finding that the injury was directly and proximately caused by the use of the vehicle, nor that the insured vehicle was

---

[3] The grounds upon which the trial court based its decision are not clear, the court's opinion on this matter not having been filed with the record on appeal.

exerting any physical force upon the instrumentality which was the immediate cause of the injury. That almost any causal connection or relationship will do, see *Travelers Ins Co v Aetna Cas & Sur Co,* 491 SW2d 363 [Tenn 1973]: 'Case law indicates that the injury need not be the proximate result of "use" in the strict sense, but it cannot be extended to something distinctly remote. [Cit.] Each case turns on its precise individual facts. The question to be answered is whether the injury "originated from", "had its origin in", "grew out of", or "flowed from" the use of the vehicle.' "

*Southeastern Fidelity Ins Co v Stevens,* 142 Ga App 562, 563-564; 236 SE2d 550, 551 (1977). See also *Baudin v Traders & General Ins Co,* 201 So 2d 379 (La App, 1967), *Reliance Ins Co v Walker,* 33 NC App 15; 234 SE2d 206 (1977).

Where the injury is entirely the result of an independent cause in no way related to the use of the vehicle, however, the fact that the vehicle is the site of the injury will not suffice to bring it within the policy coverage, see *Nationwide Mutual Ins Co v Knight,* 34 NC App 96; 237 SE2d 341 (1977), *Feltner v Hartford Accident & Indemnity Co,* 336 So 2d 142 (Fla App, 1976), *American Liberty Ins Co v Soules,* 288 Ala 163; 258 So 2d 872 (1972), *Azar v Employers Casualty Co,* 178 Colo 58; 495 P2d 554 (1972), *Brenner v Aetna Ins Co,* 8 Ariz App 272; 445 P2d 474 (1968), *Richland Knox Mutual Ins Co v Kallen,* 376 F2d 360 (CA 6, 1967). See also *Kraus v Allstate Ins Co,* 379 F2d 443 (CA 3, 1967).

Section 3106, which establishes criteria for accidents involving parked vehicles, does not abrogate the need for a causal connection between the automobile and the injury. As the wording of the section makes clear, it establishes only minimum criteria for accidents involving parked vehicles. Under § 3106, no injury involving a parked vehicle

may be compensated for unless one of the criteria therein is met; however, fulfillment of the requirements of § 3106 does not automatically result in liability. Even after the threshold of § 3106 is crossed, it must still be established that the injury arose out of the ownership, operation, maintenance or use of the motor vehicle.

Although the parties in the case at bar agreed that the motor vehicle was the site of the injury suffered by Shinabarger, there was no stipulation that the use of the vehicle was a cause of the accident. Indeed, there is nothing in the record before us to indicate what caused the shotgun to discharge. Because the record does not establish a causal connection between use of the vehicle and the injury, the trial court erred in finding liability as a matter of law.

Plaintiffs argue on appeal that the injury to Gary Shinabarger occurred during the loading process, that loading is use of a motor vehicle as a motor vehicle, and that plaintiffs are therefore entitled to benefits. We agree that loading is use of a motor vehicle, especially so where there exists a separate loading clause in the policy description of coverage. See *Colorado Farm Bureau Mutual Ins Co v West American Ins Co,* 35 Colo App 380; 540 P2d 1112 (1975), *Travelers Ins Co v Aetna Casualty & Surety Co,* 491 SW2d 363 (Tenn, 1973), *Dairyland Ins Co v Concrete Products Co,* 203 NW2d 558 (Iowa, 1973), *St Paul Mercury Ins Co v Huitt,* 336 F2d 37 (CA 6, 1964), *Allstate Ins Co v Valdez,* 190 F Supp 893 (ED Mich, 1961). The requirement of a causal connection between the loading process and the injury, however, remains. See *Allstate Ins Co v Truck Ins Exchange,* 63 Wisc 2d 148; 216 NW2d 205 (1974), *Cosmopolitan Mutual Ins Co v Baltimore & Ohio R Co,* 18 App Div

2d 460; 240 NYS2d 88 (1963). In cases involving accidental discharge of a firearm, the courts have, in general, been more liberal in finding a causal connection between use of the automobile and the injury where the accident occurred during the loading process than when the accident occurred in or near the vehicle, but not during loading. Compare *United States Fidelity & Guaranty Co v Western Fire Ins Co,* 450 SW2d 491 (Ky App, 1970), and *National Farmers Union Property & Casualty Co v Gibbons,* 338 F Supp 430 (D ND, 1972), with *Unigard Mutual Ins Co v State Farm Mutual Automobile Ins Co,* 466 F2d 865 (CA 10, 1972), and *Laviana v Shelby Mutual Ins Co,* 224 F Supp 563 (D Vt, 1963). But see *Watson v Watson,* 326 So 2d 48 (Fla App, 1976), and *Reliance Ins Co v Walker, supra.*

In the case at bar, the record does not clearly reveal whether the accident occurred during the loading process and, if it did, whether there was a causal connection between the loading process and the injury. We therefore conclude that the trial court's grant of summary judgment may not be upheld on the basis of the loading provision of § 3106.[4]

We reverse the judgment and remand for trial on the issue of liability. Because defendant DAIIE has not had the opportunity to present evidence on the issue of damages, the verdict of the jury is likewise set aside and a new trial on the question of damages is ordered. No costs, neither party having prevailed in full.

---

[4] We do not mean to imply that, where the undisputed facts establish liability as a matter of law, summary judgment may not be granted. The difficulty in this case is that the facts necessary to a finding of liability were not undisputed. Similarly, if the proofs adduced at trial establish liability as a matter of law, a directed verdict may be appropriate.