MILLER v AUTO-OWNERS INSURANCE COMPANY

Docket No. 78-3028. Submitted April 3, 1979, at Lansing.—Decided
September 5, 1979. Leave to appeal applied for.

Plaintiff, Richard J. Miller, was injured when his automobile, on
which he was installing shock absorbers, fell on him crushing
his chest. The plaintiff brought an action against Auto-Owners
Insurance Company seeking recovery of personal protection
insurance benefits pursuant to a no-fault insurance contract
between the parties. The Ingham Circuit Court, Jack W. War-
ren, J., denied the defendant's motion for summary judgment.
In so ruling, the trial court determined that the plaintiff was
engaged in the maintenance of his motor vehicle as a motor
vehicle pursuant to the no-fault automobile insurance act and
that the "parked vehicle" exclusion of the act was inapplicable
to the case at bar because the plaintiff had not parked his
vehicle within the meaning of the no-fault act. The defendant
appeals. *Held:*

The trial court adopted a definition of the term "parking"
that was too restrictive. The trial court erred in finding that
the plaintiff's vehicle was not parked and, consequently, the
trial court erred in granting the plaintiff a summary judgment
on the issue of liability. Since the plaintiff's vehicle was parked,
he is entitled to benefits only if he fits one of the exceptions to
the parked vehicle exclusion.

Reversed and remanded.

1. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — MOTOR
VEHICLE — PARKED VEHICLE — WORDS AND PHRASES.

A vehicle in a parking lot, with the engine stopped and the rear
wheels on blocks is a parked vehicle; whether or not the vehicle
is occupied or attended is immaterial to a determination of
whether or not the vehicle is parked.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 231.

[2] Am Jur 2d New Topic Service. No-Fault Insurance § 14.

What constitutes "motor vehicle" covered under no-fault insurance.
60 ALR3d 651.

2. Insurance — Automobiles — No-Fault Insurance — Personal
   Injury Protection — Parked Vehicles — Exclusions —
   Statutes.

> A plaintiff who was injured when his parked car fell off of some
> blocks and a jack, crushing the plaintiff's chest, is entitled to
> personal protection insurance benefits under the no-fault act
> only if he comes within the terms of the exceptions to the
> parked vehicle exclusion of the act (MCL 500.3106; MSA
> 24.13106).

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.* (by *John F. Rohe*), for plaintiff.

*Fraser, Trebilcock, Davis & Foster* (by *Eugene F. Townsend, Jr.,* and *C. Mark Hoover*), for defendant.

Before: R. M. Maher, P.J., and M. J. Kelly and D. F. Walsh, JJ.

R. M. Maher, P.J. Defendant appeals as of right a May 8, 1978, circuit court order denying its motion for summary judgment and granting plaintiff's motion for partial summary judgment on the issue of liability.

On June 10, 1977, plaintiff, who had purchased two shock absorbers which he intended to install himself, drove his car to the parking lot of his apartment building and parked his car. He placed blocks of wood in front of each front wheel and elevated the rear wheels by means of an hydraulic jack placed under the differential gear. Plaintiff then placed a large block of wood under each rear wheel and lowered the jack until the tires rested upon the blocks. This done, plaintiff crawled under the car to begin installing the shock absorbers.

It soon became clear to plaintiff that in order to install the shock absorbers he would have to re-

move the tire. He therefore raised the car again and removed the block under the left tire, again lowering the jack until the car rested partly on the jack and partly on the block under the right rear tire. After removing the left tire assembly, plaintiff crawled back under the car and continued installation of the shock absorbers. While he was so engaged, the automobile fell, crushing plaintiff's chest.

Plaintiff seeks recovery of personal protection insurance benefits pursuant to a "no-fault" insurance contract between the parties in this action. On April 28, 1978, the trial court granted plaintiff's motion for partial summary judgment and denied defendant's motion.

In granting plaintiff's motion, the trial court performed a two-step analysis. First, it determined that plaintiff was engaged in the maintenance of his motor vehicle as a motor vehicle pursuant to MCL 500.3105; MSA 24.13105. Secondly, the court determined that the "parked vehicle" exclusion of MCL 500.3106; MSA 24.13106 (hereinafter § 3106) was inapplicable to the present case. The trial court defined "parking" as: "(1) a voluntary and temporary act; (2) the act of leaving the vehicle; and (3) the vehicle must not be in use." Reasoning that, because "Plaintiff did not leave his vehicle according to the common usage of the term", he had not parked the vehicle within the meaning of the statute, the court held that plaintiff could recover personal protection insurance benefits from his insurer.

We believe that the trial court adopted too restrictive a definition of the term "parking". MCL 500.3106; MSA 24.13106 provides:

"Accidental bodily injury does not arise out of the

ownership, operation, *maintenance* or use of a *parked vehicle* as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle." (Emphasis added.)

If a driver or owner of a vehicle must leave the vehicle and forego using it in order for the vehicle to be parked within the meaning of § 3106, the exceptions listed in subsections (b) and (c) would be meaningless. It is difficult, for example, to conceive of a situation in which a claimant has left the vehicle yet is injured while occupying it.

In another context, this Court has said: "Parking is merely one form of stopping." *Bensinger v Happyland Shows, Inc,* 44 Mich App 696, 702; 205 NW2d 919 (1973). Although every stopped vehicle clearly is not parked *(e.g.,* vehicles stopped by a traffic jam or by a red light), we are of the opinion that a vehicle in a parking lot, with the engine stopped and the rear wheels on blocks is a parked vehicle. Whether or not the vehicle is occupied or attended is immaterial to a determination whether or not it is parked.[1]

Having concluded that the trial court erred in finding that plaintiff's vehicle was not parked, we are constrained to find that the trial court erred in

---

[1] See also MCL 257.38; MSA 9.1838:

" 'Parking' means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs."

granting summary judgment on the issue of liability. Because plaintiff's vehicle was parked, he is entitled to benefits only if he comes within the terms of § 3106 (a), (b) or (c). We therefore reverse and remand for determination of the question whether plaintiff's injury falls within one of the enumerated exceptions to the parked vehicle exclusion.

Reversed and remanded for further proceedings.