KUDEK v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 45223. Submitted March 10, 1980, at Detroit.—Decided
October 8, 1980. Leave to appeal applied for.

Ronald Kudek, a self-employed mechanic, was fatally injured
while working on the wheel and tire assembly of a customer's
truck. The truck was insured under a no-fault insurance policy
by Michigan Mutual Insurance Company, while Kudek's per-
sonal vehicle was insured under a no-fault insurance policy by
Detroit Automobile Inter-Insurance Exchange. Loretta Kudek,
the deceased's wife, brought, individually and as administratrix
of the deceased's estate, an action which sought personal pro-
tection insurance benefits. The parties stipulated to the facts
and brought motions for summary judgment. The Wayne Cir-
cuit Court, John M. Wise, J., dismissed the action against
defendant Michigan Mutual, denied defendant Inter-Insurance
Exchange's motion for summary judgment and granted plain-
tiff's motion for summary judgment, holding that personal
protection benefits were properly payable by defendant Ex-
change. Defendant Exchange appeals. *Held:*

1. The term "parked" as used in the no-fault insurance act is
not defined by that act. The definition of that term, however, is
not controlled by the definition of the term "parking" found in
the Michigan Vehicle Code, since the Vehicle Code definition is,
necessarily, limited to parking "upon the public highway" and,
thus, does not encompass the question of a parked vehicle
which is not upon the public highways.

2. The vehicle upon which the deceased was working was a
"parked vehicle" within the meaning of that term as used in
the exclusion of personal protection benefits section of the no-
fault act. Since, on the basis of the record before the Court of
Appeals, it is impossible to determine whether the deceased's
status at the time of his injury fell within one of the statutory
exceptions to the exclusion section of the no-fault act, the

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 354.
[2] 7 Am Jur 2d (Rev), Automobile Insurance § 355.

matter must be remanded to the trial court for a determination of whether one of the exceptions is applicable.

3. A vehicle parked on a highway for repairs would not be "parked" within the meaning of the statutory exceptions to the exclusion of personal protection benefits section of the no-fault insurance act. Further, a person who temporarily exited from a vehicle parked on a highway for repairs would fall within the "occupying" exception to the exclusion of benefits section of the no-fault act.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — WORDS AND PHRASES — PARKED VEHICLE — MOTOR VEHICLE CODE — STATUTES.

The definition of the term "parked" as used in the exclusion of personal protection benefits section of the no-fault insurance act is not controlled by the definition of the term "parking" found in the Michigan Vehicle Code where the vehicle is not parked upon a public highway (MCL 257.38, 500.3106; MSA 9.1838, 24.13106).

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — PARKED VEHICLE — EXCLUSIONS — STATUTES.

A mechanic working upon a vehicle which is parked elsewhere than on a public highway is not eligible for personal protection benefits under the no-fault insurance act unless it can be shown that, at the time of the accidental injury, that person's status fell within one of the statutory exceptions contained in the exclusion of personal protection benefits section of the no-fault act (MCL 500.3106; MSA 24.13106).

*Goodman, Eden, Millender & Bedrosian* (by *Joan Lovell),* for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon (Gromek, Bendure & Thomas,* of counsel), for defendant.

Before: BRONSON, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

PER CURIAM. Defendant Detroit Automobile Inter-Insurance Exchange (hereinafter defendant Exchange) appeals by right the trial court's grant of

summary declaratory judgment in favor of plaintiff.

Plaintiff's decedent, Ronald Kudek, was a self-employed mechanic. While working on the dual wheel and tire assembly of a customer's truck the wheel exploded, resulting in the injuries that led to his death. Kudek's personal vehicle was insured by defendant Exchange under a policy of no-fault insurance. His widow brought suit against defendant Exchange and the Michigan Mutual Insurance Company, insurer of the truck, seeking to recover personal protection insurance benefits. The parties stipulated to the facts, and brought motions for summary judgment. The trial court dismissed Michigan Mutual from the case and granted summary judgment in favor of plaintiff on the ground that there was no issue of material fact and plaintiff was entitled to judgment as a matter of law. GCR 1963, 117.2(3).

There is no dispute as to the propriety of summary judgment, nor does there appear to be a dispute as to the applicability of MCL 500.3105; MSA 24.13105, which authorizes the payment of personal protection benefits "for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." See *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 313-315; 282 NW2d 301 (1979), *lv den* 407 Mich 895 (1979). Rather, the issue in this case is whether the truck was "parked", so that benefits were properly denied under the exclusion for parked vehicles found in MCL 500.3106; MSA 24.13106, which states:

"Accidental bodily injury does not arise out of the ownership, operation, maintenance or use of a parked vehicle as a motor vehicle unless any of the following occur:

"(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

"(b) The injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used or property being lifted onto or lowered from the vehicle in the loading or unloading process.

"(c) The injury was sustained by a person while occupying, entering into or alighting from the vehicle."

Under this section, benefits are not payable for accidental bodily injury arising out of the maintenance of a "parked" vehicle, unless one of the specific exceptions apply.

Plaintiff does not try to fit into any of the exceptions, but argues instead that the truck was not parked. The term "parked" is not defined in the no-fault act, so plaintiff turns to the Michigan Vehicle Code where the following definition is found:

" 'Parking' means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs." MCL 257.38; MSA 9.1838.

From this definition plaintiff contends that (1) because the truck was not on a highway, but rather in decedent's shop, it was not "parked" and (2), in any event, the vehicle was not parked because necessary repairs were being made. Plaintiff argued in the trial court that unless this definition was adopted for purposes of the no-fault act persons injured while changing tires or making other necessary repairs on the highway would be excluded from recovering personal protection benefits. Plaintiff finally argues that the ordinary and common usage of the term "parked" does not

encompass vehicles, whether on or off the highway, which are undergoing repairs.

Defendant Exchange argues that the truck in this case was clearly parked and that none of the exceptions apply. It further contends, based on the various legislative proposals considered during debate on the no-fault act, including § 1(a)(6) of the Uniform Motor Vehicle Accident Reparations Act, 14 ULA, p 51, that the Legislature did not intend no-fault benefits to be payable in cases where a person was injured while servicing a vehicle in the course of a business and while on business premises. Defendant Exchange agrees that the Legislature did not intend to deny benefits to a person injured while making necessary repairs on a highway, and would read MCL 257.38; MSA 9.1838 into the no-fault act to that extent.

A recent decision of this Court also supports the defendant Exchange's position. In *Miller v Auto-Owners Ins Co,* 92 Mich App 263; 284 NW2d 525 (1979), *lv gtd* 408 Mich 897 (1980), the plaintiff was installing shock absorbers on his car in the parking lot of his apartment building when the car fell from the supports used to elevate the rear end, crushing his chest. The trial court defined parking as the voluntary and temporary act of leaving a vehicle not in use. Because the trial court found that the plaintiff had not left his vehicle, but instead was working on it, it held the vehicle was not parked within the meaning of the statute. After analyzing MCL 500.3106; MSA 24.13106, this Court reversed, holding the trial court's definition to be too narrow. The Court noted that the statute excluded benefits for bodily injury arising from the maintenance of a parked vehicle, apparently wondering how a person could be engaged in the maintenance of a vehicle that had been left. The

Court also observed that if the trial court's definition were accepted, the exceptions in subsections (b) and (c) of MCL 500.3106 would be meaningless. Accordingly, the Court held the car to have been parked:

"In another context, this Court has said: 'Parking is merely one form of stopping.' *Bensinger v Happyland Shows, Inc,* 44 Mich App 696, 702; 205 NW2d 919 (1973). Although every stopped vehicle clearly is not parked *(e.g.,* vehicles stopped by a traffic jam or by a red light), we are of the opinion that a vehicle in a parking lot, with the engine stopped and the rear wheels on blocks is a parked vehicle." *Miller v Auto Owners Ins Co, supra,* 266.

Although the Court made reference to the Michigan Vehicle Code's definition of "parking" in a footnote, it did not do so in terms of the construction advocated by plaintiff in the instant case.

After careful consideration, we find we must reject plaintiff's contentions regarding the definition of "parking" found in the Michigan Vehicle Code, MCL 257.38; MSA 9.1838. That code is intended, *inter alia,* "to provide for the * * * regulation of vehicles operated upon the public highways of this state". For purposes of the code there was no need to define parking in terms other than "upon a highway". See MCL 257.672-257.675; MSA 9.2372-9.2375. The code's definition of parking, accordingly, does not limit the definition of parking under the no-fault act to the standing of a vehicle upon a highway. We believe that under the similar factual situation present in *Miller v Auto Owners Ins Co, supra,* the truck in the instant case was "parked" within the meaning of MCL 500.3106; MSA 24.13106.

Despite this holding, we do not believe that it

will result in a situation where persons who are injured while making repairs on the highway will be unable to recover personal protection benefits. First, we note that Michigan courts have broadly defined the term "occupying" to include those who are not actually inside a vehicle at the time of injury. See *Dowdy v Motorland Ins Co,* 97 Mich App 242; 293 NW2d 782 (1980). Accordingly, persons who have exited from a car temporarily in order to make repairs might still be able to recover under the exception in MCL 500.3106(c); MSA 24.13106(c). Secondly, we believe that when a vehicle is standing *on a highway* for the purpose of making necessary repairs, the definition found in the Michigan Vehicle Code (MCL 257.38; MSA 9.1838), which code pertains to the regulation of vehicles operated on public highways, would apply and the vehicle would not be deemed to be "parked" for purposes of the no-fault act.

Because we hold the vehicle in the instant case was "parked", the trial court's grant of summary judgment must be reversed. From the record before us, however, it does not appear that the trial court considered the question of whether any of the exceptions found in MCL 500.3106(a)-500.3106(c); MSA 24.13106(a)-24.13106(c) are applicable to the instant case. Accordingly, this case is remanded to the trial court for a determination of whether the instant case falls within any of the exceptions listed in the statute. See *Miller v Auto Owners Ins Co, supra,* 266-267. We do not retain jurisdiction.

Reversed and remanded.