RAJHEL v AUTOMOBILE CLUB INSURANCE ASSOCIATION

Docket No. 74121. Submitted December 5, 1984, at Detroit.—Decided
    July 8, 1985.

> Plaintiff, Veronica Rajhel, was walking from her car to a tow
> truck which had been called to assist her when she fell on a
> patch of ice and injured herself. She brought an action in the
> Oakland Circuit Court seeking to recover no-fault benefits from
> her insurer, Automobile Club Insurance Association. The Court,
> John N. O'Brien, J, denied defendant's motion for summary
> judgment. Defendant appealed by leave granted. *Held:*
>
> There must be a causal connection between the injury suf-
> fered and the ownership, maintenance, or use of an automobile
> to sustain a claim under the terms of an automobile insurance
> policy which provides coverage for injuries arising out of the
> ownership, maintenance, or use of an automobile. A slip-and-
> fall injury is not compensable under the no-fault act merely
> because the victim was walking from an automobile toward a
> tow truck which had been called because the victim's vehicle
> had failed to start.
>
> Reversed and remanded for entry of summary judgment.
>
> T. M. BURNS, J., dissented. He would hold that there is a
> sufficient causal connection between an injury and the owner-
> ship, operation, maintenance, or use of a motor vehicle to
> sustain recovery under the no-fault act where the victim fell on
> ice while walking from her car to a tow truck which had been
> called because the victim's car would not start. He would
> affirm.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — "OWNERSHIP, MAINTE-
    NANCE, USE" — SLIP AND FALL.
> There must be a causal connection between the injury suffered
> and the ownership, maintenance, or use of an automobile to
> sustain a claim under the terms of an automobile insurance

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Automobile Insurance §§ 340 *et seq.*
    Validity and construction of "no-fault" automobile insurance plans.
    42 ALR3d 229.

policy which provides coverage for injuries arising out of the ownership, maintenance, or use of an automobile; a slip-and-fall injury is not compensable under the no-fault act merely because the victim was walking from an automobile toward a tow truck which had been called because the victim's vehicle had failed to start.

Dissent by T. M. Burns, J.

2. Insurance — No-Fault Insurance — "Ownership, Maintenance, Use" — Slip and Fall.

> There is a sufficient causal connection between an injury and the ownership, operation, maintenance, or use of a motor vehicle to sustain recovery under the no-fault act where the victim fell on ice while walking from her car to a tow truck which had been called because the victim's car would not start.

*Frederick D. Jasmer, P.C.* (by *Frederick D. Jasmer*), for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *A. Randolph Judd*), and *Gromek, Bendure & Thomas* (by *James G. Gross*), of counsel, for defendant.

Before: Danhof, C.J., and T. M. Burns and R. H. Bell,\* JJ.

Per Curiam. Plaintiff was unable to start her car and called a tow truck. When the tow truck arrived, she left her car and walked towards it. As plaintiff approached the tow truck, she slipped on a patch of ice and injured herself. Plaintiff then brought this suit seeking recovery of no-fault benefits from her insurer. The trial court denied defendant's motion for summary judgment and this Court granted leave to appeal.

When denying defendant's motion, the lower court found that plaintiff was an occupant of the motor vehicle and that there was a causal connec-

_____

\* Circuit judge, sitting on the Court of Appeals by assignment.

tion between her injury and the ownership, operation, maintenance, or use of the motor vehicle. We reverse on the basis that, irrespective of the question of whether plaintiff was "occupying" or "maintaining" a motor vehicle, there has simply been no causal connection established between that activity and the injury sustained. The no-fault act was not designed to compensate all injuries occurring in or around a motor vehicle. *Denning v Farm Bureau Ins Co,* 130 Mich App 777, 782; 344 NW2d 368 (1983), *lv den* 419 Mich 877 (1984). The injury sustained in the instant case was unrelated to plaintiff's maintenance, etc., of a motor vehicle, since the injury could "just as well have occurred elsewhere". 130 Mich App 786, *i.e.,* its connection to a motor vehicle was merely fortuitous.

This Court has previously recognized that the typical slip-and-fall injury occasioned by icy conditions where the no-fault claimant is simply going to or from a motor vehicle is "without causal connection with the ownership, maintenance, and use of [a motor vehicle]". *Block v Citizens Ins Co of America,* 111 Mich App 106, 109; 314 NW2d 536 (1981). See also, *King v Aetna Casualty & Surety Co,* 118 Mich App 648, 651; 325 NW2d 528 (1982), *lv den* 418 Mich 881 (1983); *Griffin v Lumbermen's Mutual Casualty Co,* 128 Mich App 624, 631; 341 NW2d 163 (1983). Were we to permit coverage here, we would be accepting an extremely attenuated causal connection. Because the facts are not in dispute, we hold that summary judgment should have been granted in favor of defendant.

Reversed and remanded for entry of judgment consistent with this opinion.

T. M. BURNS, J. *(dissenting).* I would affirm the trial court's denial of defendant's motion for summary judgment. When denying defendant's mo-

tion, the trial court found that plaintiff was an occupant of the motor vehicle and that there was a causal connection between her injury and the ownership, operation, maintenance or use of the motor vehicle. While it is arguable that plaintiff was an occupant of the motor vehicle,[1] I need not consider this issue since the injury arose out of the maintenance of a motor vehicle. *Miller v Auto-Owners Ins Co,* 411 Mich 633, 641; 309 NW2d 544 (1981).

In *Miller,* the Supreme Court referred to jump-starting a car after a cold Michigan night. This Court in *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767, 773; 356 NW2d 262 (1984), noted this reference stating:

> "The Court's reference to efforts to jump-start a car after a cold Michigan night strongly implies that it has not sanctioned a definition of maintenance limited only to repairs. The Court clearly indicated its reliance on the body of judicial authority which has been constructed defining the phrase 'arising out of the ownership, maintenance or use'; in this phrase, maintenance has traditionally been given a liberal construction. See 6B Appleman, *Insurance Law & Practice* (Buckley ed), § 4315, pp 339-341. The Supreme Court's interpretation of 'maintenance' is also illustrated by its analysis in *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139, 154; 324 NW2d 1 (1982). In *Heard,* the plaintiff was injured when he was hit by an insured car while pumping gas into his own uninsured car. The Court clearly assumed that the refueling of a vehicle, without more, is maintenance of that vehicle. *Heard,*

[1] While the Michigan Supreme Court in a recent case, *Royal Globe Ins Co v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), considered very similar facts and found that the insured was not occupying the motor vehicle, the Court also noted that a significant factor in so finding was that the insured would have recovered even if she was not an occupant of the motor vehicle. In the instant case, plaintiff could not recover if it were determined that she was not an occupant and, therefore, a broad construction of the term "occupant" may be applicable. *Royal Globe, supra,* pp 575-576.

*supra,* pp 146-147, 154. See also *Gutierrez v Dairyland
Ins Co,* 110 Mich App 126; 312 NW2d 181 (1981), *rev'd
on other grounds* 414 Mich 956; 327 NW2d 253 (1982)
(see *Heard, supra,* p 153, fn 15); *State Farm Mutual
Automobile Ins Co v Pan American Ins Co,* 437 SW2d
542 (Tex, 1969).

"This Court has adopted a broad definition of mainte-
nance in order to advance the purposes of the no-fault
act. See *Michigan Basic Property Ins Ass'n v Michigan
Mutual Ins Co,* 122 Mich App 420, 424-425; 332 NW2d
504 (1983).

* * *

"We have little doubt, however, that most would
agree that the purposes of the no-fault act would be
defeated by a narrow construction of the term 'mainte-
nance' applied in cases like the present one in which an
owner-operator of a vehicle attempted to service the
vehicle in a place other than a service facility. If this
type of activity is not covered, it is hard to imagine the
Legislature's reasons for including the coverage of
maintenance. The need for insurance coverage would
appear to be far greater in cases of roadside service
than in cases of major repairs which are usually per-
formed in facilities covered by other insurance."

While in the instant case the insured did not
attempt to repair the motor vehicle by herself, I
would find that this broad definition of mainte-
nance encompasses the present facts. It is undis-
puted that plaintiff was injured while attempting
to procure aid for her disabled motor vehicle.

The next issue is whether the trial court prop-
erly found that plaintiff's injuries arose out of the
maintenance of her motor vehicle. In *Gutierrez v
Dairyland Ins Co,* 110 Mich App 126, 135; 312
NW2d 181 (1981), this Court found that the term
"arise out of" does not require a showing of proxi-
mate causation. A sufficient causal connection is
established if the injury is foreseeably identifiable
with the normal maintenance of a motor vehicle.
See *Wagner, supra,* p 775.

I disagree with the majority on this issue and
would find that there is a sufficient causal connec-
tion. The fact that plaintiff slipped and fell while
maintaining her car establishes a sufficient causal
connection. While plaintiff could have slipped any-
where as the majority notes, she was exposed to
this particular hazard because of the need to re-
pair her car. None of the cases relied on by the
majority on this issue deal with maintenance of a
vehicle and I would, therefore, find them distin-
guishable.

The trial court did not err in denying defen-
dant's motion for summary judgment. I would,
therefore, affirm the trial court.