WILLIAMS v CITIZENS MUTUAL INSURANCE COMPANY OF AMERICA

Docket No. 44142. Submitted November 6, 1979, at Lansing.—Decided January 9, 1980.

Leola Williams brought an action against Citizens Mutual Insurance Company of America seeking recovery for lost wages and the costs of psychiatric care which she was forced to undergo upon her daughter's death. The plaintiff's daughter was killed when an automobile in which she was riding was involved in an accident. The vehicle was insured by the defendant. At the time of the accident, the plaintiff did not own a vehicle which was insured, nor was there any co-domiciled relative who owned an insured vehicle. Prior to the time of the accident, the daughter had been residing with the plaintiff. Jackson Circuit Court, James G. Fleming, J., granted the defendant's motion for summary judgment, holding that the defendant was not liable because the plaintiff was not personally involved in the use, operation or maintenance of the motor vehicle which gave rise to the daughter's death. The court also noted that there was no analogous tort recovery since the plaintiff did not see the accident occur or view a body within minutes of the accident. The plaintiff appeals. *Held:*

The causal relationship between the automobile accident and the plaintiff's injury was sufficiently remote to warrant denial of liability. In Michigan a plaintiff may recover for mental disturbance resulting in physical harm when an immediate family member is injured or exposed to injury by a negligent tortfeasor if the plaintiff is present at the time of the accident or peril or the shock is fairly contemporaneous with it. However, a plaintiff cannot recover when informed of the matter at a later date.

Affirmed.

1. Insurance — Automobiles — No-Fault Insurance — Words and Phrases — Statutes.

The term "arising out of" in the provision of the no-fault automo-

Reference for Points in Headnotes

[1, 2] New Topic Service, No Fault Insurance § 18.

bile insurance act which imposes liability upon a no-fault insurer for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle does not necessitate a finding that the injury was directly caused by the use of an automobile; however, the injury must be foreseeably identifiable with the normal use of a vehicle (MCL 500.3105[1]; MSA 24.13105[1]).

2. INSURANCE — AUTOMOBILES — NO-FAULT INSURANCE — PSYCHIATRIC CARE.

The causal relationship between an automobile accident and a plaintiff's injury was sufficiently remote to warrant denial of liability on the part of the no-fault insurer of the automobile where the plaintiff sought recovery for lost wages and costs for psychiatric care necessitated by the death of her daughter who was a passenger in the automobile and who was killed in the accident and where the plaintiff was not present at the time of the accident and was not informed of the accident at a time fairly contemporaneous with the accident.

*Best, Arnold, Gleeson & Best, P.C.* (by *Robert P. Ladd),* for plaintiff.

*Rosenburg, Stanton, Bullen & Nelson, P.C.,* for defendant.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

PER CURIAM. Plaintiff Leola Williams appeals as of right from a February 23, 1979, order of the Jackson County Circuit Court granting defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3).

On October 1, 1978, plaintiff's daughter, Monica Faye Williams, was a passenger in a car involved in an accident and suffered injuries resulting in her death. The automobile in which she was riding was insured by a no-fault automobile policy issued by defendant Citizens Mutual Insurance Company

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of America. At the time of the accident, plaintiff did not own a vehicle which was insured, nor was there any co-domiciled relative who owned such a vehicle. Prior to the time of the accident, Monica Faye Williams had been residing with plaintiff at her home in Jackson, Michigan.

Plaintiff made demand for reimbursement of her lost wages and costs of psychiatric care which she was forced to undergo upon her daughter's death. When defendant denied liability, suit was filed in Jackson County Circuit Court seeking recovery of the lost wages and costs of psychiatric care.

The lower court held that defendant was not liable because plaintiff was not personally involved in the use, operation, or maintenance of the motor vehicle which gave rise to plaintiff's daughter's death. The court further noted that there was no analogous tort recovery since plaintiff did not see the accident occur or view a body within minutes of the accident.

We agree with the trial court's ruling. According to MCL 500.3105(1); MSA 24.13105(1):

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle."

Plaintiff's injury did not arise out of the "ownership, operation, maintenance or use of a motor vehicle". Rather, her injury arose out of the death of her daughter which in turn arose out of the operation of a motor vehicle.

We note that the term "arising out of" does not necessitate a finding that the injury was directly and proximately caused by the use of the vehicle. On the other hand, it cannot be extended to something distinctly remote. Each case depends on its

own facts. *Shinabarger v Citizens Mutual Ins Co,* 90 Mich App 307, 313-314; 282 NW2d 301 (1979). As a general rule, the injury must be foreseeably identifiable with the normal use of the vehicle. *O'Key v State Farm Mutual Automobile Ins Co,* 89 Mich App 526; 280 NW2d 583 (1979), *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975).

In the instant case, we find the causal relationship between the auto accident and plaintiff's injury sufficiently remote to warrant denial of liability. We take into consideration the fact that there is no analogous tort recovery available to plaintiff. In Michigan, a plaintiff may recover for mental disturbance resulting in physical harm when an immediate family member is injured or exposed to injury by a negligent tortfeasor if the plaintiff is present at the time of the accident or peril or the shock is fairly contemporaneous with it. The plaintiff, however, cannot recover when he is informed of the matter at a later date. See *Gustafson v Faris,* 67 Mich App 363; 241 NW2d 208 (1976), *Perlmutter v Whitney,* 60 Mich App 268; 230 NW2d 390 (1975). In affirming the lower court's decision, we do not reach the issue of whether plaintiff would have a right to recovery under the no-fault act had she witnessed the accident or became aware of it at a time fairly contemporaneous with it.

Affirmed.