AUTO-OWNERS INSURANCE COMPANY v RUCKER

Docket No. 122929. Submitted November 21, 1990, at Detroit. Decided January 7, 1991; approved for publication March 17, 1991, at 9:10 A.M.

Auto-Owners Insurance Company, the no-fault automobile insurer of Ethel Carter, brought an action in the Wayne Circuit Court against Carter, her son Vernard Carter, and Vera Rucker, personal representative of the estate of Melody Rucker, deceased, seeking a declaration that its insurance policy, issued to Ethel Carter, provided no coverage for the death of Melody Rucker, who was shot by a passenger in an automobile driven by Vernard Carter and owned by Ethel Carter. The court, Louis F. Simmons, J., entered judgment in favor of Auto-Owners. Vera Rucker appealed.

The Court of Appeals *held:*

The trial court did not err in determining that there was no coverage under the plaintiff's policy because the death of the decedent did not arise out of the use of an automobile.

1. In order to recover for an injury arising out of the use of an automobile, a causal connection between the injury and the use of an automobile must be shown. The connection must be more than incidental or fortuitous. It is insufficient to show that but for the automobile the incident would not have occurred; the injury must be foreseeably identifiable with the normal use of the vehicle.

2. In this case, the death was the result of the firing of the shotgun; use of the automobile was incidental to the shooting. Moreover, the shooting was not foreseeably identifiable with the normal use of an automobile.

Affirmed.

INSURANCE — NO-FAULT — SHOOTINGS FROM AUTOMOBILES.

A policy of no-fault automobile insurance which provided cover-

REFERENCES

Am Jur 2d, Automobile Insurance § 202

Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle. 15 ALR4th 10.

age for injury arising out of the use of an automobile did not provide coverage for a death resulting from a shooting by a passenger; use of the automobile was incidental to the death and the death was not foreseeably identifiable with the normal use of the automobile.

*Joselyn & Keelean, P.C.* (by *Michelle E. Mathieu*), for the plaintiff.

*Miller, Cohen, Martens & Ice, P.C.* (by *William L. Martens* and *Paul R. Geary*), for Vera Rucker.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR., and SULLIVAN, JJ.

PER CURIAM. Defendant Vera Rucker appeals as of right from the entry of a declaratory judgment. The court held that defendants Vernard and Ethel Carter were not entitled to coverage under the automobile insurance policy issued by plaintiff, Auto-Owners Insurance Company. We affirm.

The facts underlying this case are not in dispute. Vera Rucker's sixteen-year-old daughter, Melody, was waiting in front of a friend's house for her ride home when defendant, Vernard Carter, drove by in his mother's car. The front-seat passenger, Damion Todd, held a loaded shotgun. As the car passed Melody, Todd leaned out of the open window and fired several shots, one of which killed Melody. Auto-Owners had issued an insurance policy to Ethel Carter, Vernard's mother, covering the automobile.

The sole issue before us on appeal is whether Melody Rucker's death arose out of the use of the motor vehicle. Defendant argues that the use of the automobile was an integral part of the drive-by shooting and that, therefore, coverage exists under plaintiff's policy.

The policy provides coverage for damage in-

curred by the insured "arising out of the use of an automobile." For that clause to apply, a causal connection between the use of the vehicle and the injury must be shown. The connection must be more than incidental or fortuitous. It is insufficient to show that, but for the automobile, the incident would not have occurred. The injury must be foreseeably identifiable with the normal use of the vehicle. *Thornton v Allstate Ins Co*, 425 Mich 643, 660-661; 391 NW2d 320 (1986); *DAIIE v Higginbotham,* 95 Mich App 213, 222; 290 NW2d 414 (1980); *Kangas v Aetna Casualty & Surety Co*, 64 Mich App 1, 17; 235 NW2d 42 (1975).

In this case, the death arose from the firing of a shotgun. Although the vehicle made it easier for the criminals to approach the scene and to escape, its use was nonetheless incidental to the injury. One shudders to contemplate whether drive-by shootings have become foreseeable. It is, however, uncontestable that they are not identified with the normal use of a motor vehicle. Melody's death did not "arise out of the use of an automobile" as that expression was used in plaintiff's policy of insurance. We hold that the trial court did not err.

Affirmed.