KELLER v CITIZENS INSURANCE COMPANY OF AMERICA

Docket No. 136376. Submitted June 17, 1992, at Lansing. Decided
    December 14, 1992; approved for publication June 3, 1993, at
    9:05 A.M.

Frederick A. and Margaret L. Keller brought an action in the
    Jackson Circuit Court against Citizens Insurance Company of
    America, their no-fault insurer, seeking no-fault benefits to pay
    for Margaret Keller's psychiatric treatment for mental distress
    she experienced when her minor son was struck and killed by a
    vehicle owned and operated by a third party. The court, James
    G. Fleming, J., granted summary disposition for the defendant,
    finding that Margaret Keller was not injured by the automobile
    that struck her son and that her mental distress was the result
    of her son's death, wholly independent of the cause of that
    death. The plaintiffs appealed.

The Court of Appeals *held:*

Margaret Keller's injury did not arise out of the ownership,
    operation, maintenance, or use of a motor vehicle as a motor
    vehicle. Rather, her injury arose out of the death of her son,
    which in turn arose out of the operation of a motor vehicle.
    The injury she suffered had only a but for, incidental, and
    fortuitous connection with the use of an automobile and was
    outside the scope of coverage intended by the no-fault act.

Affirmed.

*Curtis, Curtis & Thomson, P.C.* (by *Kevin M. Thomson*), for the plaintiffs.

*Potter & Hamilton* (by *Janet L. Hamilton*), for the defendant.

Before: SULLIVAN, P.J., and MACKENZIE and I. B. TORRES,* JJ.

PER CURIAM. Plaintiffs appeal as of right from

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

an order granting summary disposition in favor of defendant, their no-fault automobile insurance carrier. We affirm.

The facts are essentially undisputed. On January 28, 1988, plaintiffs' five-year-old son was struck and killed while attempting to cross a street after being let off his school bus. Plaintiff Margaret Keller was in her home, approximately 360 feet away, at the time of the accident. According to plaintiffs, Keller heard the screech of tires as the driver of the automobile that struck the child attempted to brake to avoid the accident. She immediately went outside, where she saw the boy's body lying near the roadway.

Margaret Keller subsequently underwent psychiatric treatment for the mental distress she experienced as a result of her son's death. Defendant denied coverage for the treatment under its no-fault policy issued to plaintiffs, and this declaratory judgment action followed. The trial court, relying on *Williams v Citizens Mutual Ins Co of America,* 94 Mich App 762; 290 NW2d 76 (1980), concluded that defendant properly denied coverage. We agree with this conclusion.

For plaintiffs to recover no-fault benefits, Margaret Keller's injury must have arisen out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. MCL 500.3105; MSA 24.13105. In order for an injury to arise out of the use of an automobile, there must be more than an incidental or fortuitous connection between the injury and the use of the automobile. *Thornton v Allstate Ins Co,* 425 Mich 643; 391 NW2d 320 (1986). Moreover, it is insufficient to show that, but for the automobile, the injury would not have occurred. *Auto-Owners Ins Co v Rucker,* 188 Mich App 125, 127; 469 NW2d 1 (1991). Thus, " '[t]he automobile must not merely

contribute to cause the condition which produces the injury, but must, itself, produce the injury.' " *Thornton, supra,* p 651, quoting 6B Appleman, Insurance Law & Practice (Buckley ed), § 4317, p 369.

In *Williams, supra,* the plaintiff suffered mental distress because of her daughter's death in an automobile accident. As in the instant case, the plaintiff was not personally involved in the accident. The *Williams* Court held that the plaintiff's injury did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle. 94 Mich App 764. "Rather, her injury arose out of the death of her daughter which in turn arose out of the operation of a motor vehicle." *Id.*

We decline to distinguish *Williams* as plaintiffs urge us to do, and find that decision dispositive here. Margaret Keller was not injured by the automobile that struck her son. Instead, Keller's mental distress was the result of her son's tragic death, wholly independent of the cause of that death. Her injury would have been the same had the boy's death arisen from an attacking dog or from a stray bullet, for example. Because the injury suffered by Keller had only a "but for," incidental, and fortuitous connection with the use of an automobile, it was outside the scope of coverage intended by MCL 500.3105; MSA 24.13105. Accordingly, we find no error in the decision of the trial court.

Affirmed.