# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 21, 2012

142936

GALE BOERTMANN,
       Plaintiff-Appellee,
v

CINCINNATI INSURANCE COMPANY,
       Defendant-Appellant.
_____/

SC: 142936
COA: 293835
Macomb CC: 2008-003332-NF

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the March 8, 2011 judgment of the Court of Appeals, and we REMAND this case to the Macomb Circuit Court for entry of an order granting summary disposition to defendant. MCL 500.3105(1) provides, "Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." An injury arises out of the use of a motor vehicle as a motor vehicle when "the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or 'but for.'" *Thornton v Allstate Ins Co*, 425 Mich 643, 659 (1986). Here, as tragic as the motor vehicle accident that caused the death of plaintiff's son was, the causal connection between plaintiff's injury, i.e., post-traumatic stress disorder, and the "use of a motor vehicle as a motor vehicle" is not "more than incidental, fortuitous, or 'but for.'" Any injury suffered by plaintiff was too attenuated to be compensable. Plaintiff herself was in no way involved in the motor vehicle accident; she was not on the motorcycle with her son, nor was she in the vehicle that struck her son; and she was not struck by the motorcycle or by the vehicle that struck her son. Instead, just as with the plaintiff in *Keller v Citizens Ins Co of America*, 199 Mich App 714 (1993), plaintiff was simply a bystander who very unfortunately witnessed an accident that resulted in her son's death. Accordingly, just as with the plaintiff in *Keller,* plaintiff is not entitled to no-fault benefits.

      HATHAWAY, J. (*dissenting*).
      I believe that the Court of Appeals correctly analyzed this matter and reached the correct result. Accordingly, I would affirm the Court of Appeals.

      CAVANAGH and MARILYN KELLY, JJ., join the statement of HATHAWAY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 21, 2012

t1120

                         Clerk