DETROIT MEDICAL CENTER v PROGRESSIVE MICHIGAN
INSURANCE COMPANY

Docket No. 304622. Submitted February 5, 2013, at Detroit. Decided July 23,
2013. Approved for publication September 3, 2013, at 9:00 a.m. Leave
to appeal sought.

Detroit Medical Center brought an action in Wayne Circuit Court
against Progressive Michigan Insurance Company and Citizens
Insurance Company of America, seeking to recover personal
protection insurance benefits under the no-fault act, MCL
500.3101, *et seq.*, for its treatment of a motorcyclist, from Progres-
sive, the insurer of the motorcycle owner. The motorcyclist lost
control of his motorcycle and crashed when he was speeding and
braked quickly after seeing bright headlights from an approaching
vehicle; the motorcycle never came into contact with the motor
vehicle. Following a bench trial, the court, Susan D. Borman, J.,
entered judgment in favor of plaintiff, concluding that the motor
vehicle was sufficiently involved in the motorcycle accident to
trigger entitlement to no-fault benefits. Progressive appealed.

The Court of Appeals *held*:

1. Under MCL 500.3105(1), a provider of personal protection
insurance benefits is liable to pay benefits for accidental bodily
injury arising out of the ownership, operation, maintenance, or use
of a motor vehicle as a motor vehicle. While motorcycles are
excluded from the definition of motor vehicles under the no-fault
act, a motorcyclist is not necessarily excluded from recovering
those benefits when a motor vehicle is involved in the accident.
While the motor vehicle need not be the proximate cause of the
injury, there still must be a causal connection between the injury
sustained and the ownership, maintenance or use of the motor
vehicle. An injury arises out of the use of a motor vehicle as a
motor vehicle when the causal connection between the injury and
the use of a motor vehicle as a motor vehicle is more than
incidental, fortuitous, or "but for." Actual physical contact be-
tween a motorcycle and a motor vehicle is not required to establish
the requisite involvement of a motor vehicle in an accident as long
as the causal connection exists; the motor vehicle must actively
contribute to the accident and have more than a random associa-

tion with the accident scene. In this case, the trial court erred by determining that the motorcyclist's injuries arose out of the use of a motor vehicle as a motor vehicle and that the motor vehicle was sufficiently involved in the accident to entitle the motorcyclist to personal protection insurance benefits under MCL 500.3105(1). There was no evidence that the motor vehicle created, through some activity of its own, an actual and objective need for the motorcyclist to take evasive action to avoid the motor vehicle.

Reversed and remanded for entry of judgment in favor of Progressive.

INSURANCE — NO-FAULT INSURANCE — MOTORCYCLES — INVOLVEMENT OF MOTOR VEHICLES IN ACCIDENT.

For purposes of the no-fault act, MCL 500.3101 *et seq.*, an injury arises out of the use of the motor vehicle as a motor vehicle when the causal connection between the accident and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or "but for;" actual physical contact between a motorcycle and a motor vehicle is not required to establish the requisite involvement of a motor vehicle in an accident as long as the causal connection exists; for a motorcyclist's injury to arise out of the use of a motor vehicle as a motor vehicle, thereby triggering entitlement to personal protection insurance benefits under MCL 500.3105(1), the motor vehicle must actively create, through some activity of its own, an actual and objective need for the motorcyclist to take evasive action to avoid the motor vehicle.

*Miller & Tischler, PC* (by *Ronni Tischler*), for Detroit Medical Center.

*Garan Lucow Miller, PC* (by *Daniel S. Saylor*), for Progressive Michigan Insurance Company.

Before: CAVANAGH, P.J., and SAWYER and SAAD, JJ.

PER CURIAM. Defendant, Progressive Michigan Insurance Company, appeals as of right the trial court's order entering judgment in favor of plaintiff, Detroit Medical Center, for recovery of personal protection insurance benefits under Michigan's no-fault act, MCL 500.3101, *et seq.*, in the amount of $111,761.40. We reverse.

This case involves a single-vehicle accident by a motorcyclist. The motorcyclist, who was traveling upward of 100 miles an hour on a dark and deserted side street that intersected with Jefferson Road, saw bright headlights from an approaching motor vehicle. The motorcyclist applied his brakes to avoid colliding with the vehicle, causing the motorcycle to fishtail. The motorcyclist then lost control of the motorcycle and he "drop[ped the] bike on its side," hit the sidewalk, and fell. The motorcycle never came into contact with the vehicle. The motorcyclist sustained serious injuries in the accident, which plaintiff treated. Plaintiff subsequently filed this lawsuit, seeking to recover personal protection insurance benefits for its treatment of the motorcyclist's injuries, from defendant Progressive, the insurer of the motorcycle owner. Following a bench trial, the trial court entered judgment in favor of plaintiff, concluding that the motor vehicle was sufficiently involved in the accident to allow recovery of no-fault benefits.

At issue in this single-vehicle-motorcycle-accident case is whether, as a matter of law, the evidence established that the motor vehicle, which did not make physical contact with the motorcycle, was sufficiently involved in the accident to trigger the motorcyclist's entitlement to no-fault benefits under MCL 500.3105(1). "Liability for no-fault personal protection benefits is governed by MCL 500.3105." *Jones v Tronex Chem Corp*, 129 Mich App 188, 191; 341 NW2d 469 (1983). Under MCL 500.3105(1), "[t]he no-fault act provides coverage for accidental bodily injury 'arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.' " *Greater Flint HMO v Allstate Ins Co*, 172 Mich App 783, 786; 432 NW2d 439 (1988), quoting MCL 500.3105(1). "Motorcycles are excluded from the definition of motor vehicles

under the no-fault act." *Sanford v Ins Co of North America*, 151 Mich App 747, 749; 391 NW2d 473 (1986); MCL 500.3101(2)(e). However, "a motorcyclist is not among those whom the Legislature has excluded from benefits." *Underhill v Safeco Ins Co*, 407 Mich 175, 185; 284 NW2d 463 (1979) superseded by statute on other grounds as recognized by *Autry v Allstate Ins Co*, 130 Mich App 585, 590 n 1; 344 NW2d 588 (1983). Rather, in *Underhill*, "the Supreme Court held that a motorcyclist involved in an accident which arises out of the ownership, operation, maintenance, or use of a motor vehicle is entitled to no-fault benefits." *Autry*, 130 Mich App at 590; see also *Bromley v Citizens Ins Co of America*, 113 Mich App 131, 134; 317 NW2d 318 (1982).

There is no "iron-clad rule" as to what level of involvement is sufficient under MCL 500.3105. *Dep't of Social Services v Auto Club Ins Ass'n*, 173 Mich App 552, 557; 434 NW2d 419 (1988). However, "while the automobile need not be the proximate cause of the injury, there still must be a causal connection between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for." *Kangas v Aetna Cas & Surety Co*, 64 Mich App 1, 17; 235 NW2d 42 (1975). "The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Id*. The causal connection between the injuries and the motor vehicle "cannot be extended to something distinctly remote," *Jones*, 129 Mich App at 192 (citation and quotation marks omitted); see also *Keller v Citizens Ins Co of America*, 199 Mich App 714, 715; 502 NW2d 329 (1993). Moreover, the injuries must be more than "tangentially related to the use of an automobile" to trigger the entitlement to no-fault benefits. *Bromley*, 113 Mich App at 135. Actual physical contact between a motorcycle and a motor vehicle is not re-

quired to establish the requisite involvement of a motor vehicle in an accident as long as "the causal nexus between the accident and the car is established." *Id.*; *Greater Flint HMO*, 172 Mich App at 788. For a motor vehicle to be involved in an accident, it "must actively, as opposed to passively, contribute to the accident," and have "more than a random association with the accident scene." *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 35, 39; 528 NW2d 681 (1995).[1] "[T]here must be some activity, with respect to the vehicle, which somehow contributes to the happening of the accident." *Brasher v Auto Club Ins Ass'n*, 152 Mich App 544, 546; 393 NW2d 881 (1986).

Defendant claims that the trial court erred as a matter of law by determining that the motor vehicle was sufficiently involved in the motorcycle accident to trigger entitlement to no-fault benefits under the facts of this case. We agree. This question presents an issue of law, which is subject to de novo review on appeal. *Stewart v State of Michigan*, 471 Mich 692, 696; 692 NW2d 376 (2004). "Whether an injury arises out of the use of a motor vehicle must be determined case by

---

[1] MCL 500.3114(5) provides: "A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the *involvement of a motor vehicle* while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority" and then sets forth the priority of insurers potentially liable (emphasis added). The "involvement of a vehicle" standard, which sets forth the priority of potential insurers' liability for no-fault benefits, "encompasses a broader causal nexus between the use of the vehicle and the damage" than is required under the "arising out of" standard under MCL 500.3105(1). *Turner*, 448 Mich at 35, 39. Accordingly, a vehicle may be involved in the motor vehicle accident even though the injury did not arise out of the use of that vehicle. *Id.* at 35. Therefore, involvement of a motor vehicle when a motorcyclist sustains injuries in an accident is required for a motorcyclist to recover benefits under the no-fault act.

case." *McKenney v Crum & Forster*, 218 Mich App 619, 623; 554 NW2d 600 (1996); *Jones*, 129 Mich App at 192.

We can find no causal connection between the motorcyclist's injuries and the use of a motor vehicle as a motor vehicle sufficient to trigger entitlement to no-fault benefits under MCL 500.3105(1). The motorcyclist applied his brakes when he saw the vehicle's headlights approaching. The motorcyclist's evasive action in braking rapidly was in response to seeing the moving vehicle's headlights and because of the braking he fishtailed and lost control of the motorcycle, ultimately causing him to crash. But this does not mean that the motor vehicle was causally connected to the motorcyclist's injuries, that is, that the injury "originated from," "had its origin in," "grew out of," or "flowed from" the use of the vehicle as a motor vehicle. *Shinabarger v Citizens Mut Ins Co*, 90 Mich App 307, 314; 282 NW2d 301 (1979) (citation and quotation marks omitted).

Rather, the evidence established that the causal connection between the motorcyclist's injuries and the motor vehicle was merely incidental, fortuitous, or "but for." *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986); see also *McPherson v McPherson*, 493 Mich 294, 297; 831 NW2d 219 (2013). We cannot say that the motor vehicle actively contributed to the accident rather than merely being present. See *Turner*, 448 Mich at 39-40; *Brasher*, 152 Mich App at 546. While it is true that "a vehicle which is motionless in a lawful position is less likely to be considered involved," and that "a *moving* vehicle is much more likely to be held to be involved," *Dep't of Social Services*, 173 Mich App at 557, that does not equate to a conclusion that the motor vehicle was involved merely because it was moving. There still needs to be a causal connection between the

injuries and the motor vehicle. For example, in *Bromley*, 113 Mich App at 133-135, this Court determined that the motor vehicle was involved when that vehicle forced the motorcyclist off the road when the vehicle veered over the center line. And in *Greater Flint HMO*, 172 Mich App at 785, 788, the Court arrived at a similar conclusion when a motor vehicle made a sudden and unexpected stop that caused a chain reaction of emergency stops that ultimately resulted in two motorcyclists colliding with each other while attempting to avoid a car in front of them that had stopped.

In this case, there is no evidence that the motorcyclist needed to take evasive action to avoid the motor vehicle. Rather, the evidence only established that the motorcyclist was startled when he saw the approaching headlights and overreacted to the situation. And while fault is not a relevant consideration in determining whether a motor vehicle is involved in an accident for purposes of no-fault benefits, *Turner*, 448 Mich at 39, we believe that principle is limited to not considering fault in the cause of the accident, not whether the motor vehicle was actually involved in the accident. That is, had the motorcycle actually collided with the motor vehicle, we would not consider whether the motorcyclist or the motor vehicle driver was at fault in causing the accident, nor would we consider whether the motorcyclist could have taken evasive action and avoided the accident. But, where there is no actual collision between the motorcycle and the motor vehicle, we cannot say that the motor vehicle was involved in the accident merely because of the motorcyclist's subjective, erroneous perceived need to react to the motor vehicle. Rather, for the motor vehicle to be considered involved in the accident, the operation of the motor vehicle must have created an *actual* need for the motorcyclist to take evasive action. That is, there must be some activity by

the motor vehicle that contributes to the happening of the accident beyond its mere presence. *Brasher*, 152 Mich App at 546.

Because the facts of this case did not support the conclusion that there was an actual, objective need for the motorcyclist to take evasive action, we conclude that the trial court erred by determining that the motorcyclist's injuries arose out of the use of a motor vehicle as a motor vehicle and that the motor vehicle was sufficiently involved in the accident to entitle the motorcyclist to personal protection insurance benefits under the no-fault act. MCL 500.3105(1); MCL 500.3114(5).

Reversed and remanded to the trial court with instructions to enter judgment in favor of defendant, Progressive Michigan Insurance Company. We do not retain jurisdiction. Defendant may tax costs pursuant to MCR 7.219 as the prevailing party.

CAVANAGH, P.J., and SAWYER and SAAD, JJ., concurred.