# STATE OF MICHIGAN

# COURT OF APPEALS

ELLIOT RUTHERFORD,

Plaintiff-Appellant,

v

GEICO GENERAL INSURANCE COMPANY,
also known as GEICO INDEMNITY COMPANY, [1]

Defendant-Appellee.

UNPUBLISHED
January 17, 2017

No. 329041
Wayne Circuit Court
LC No. 15-006554-NF

Before: RIORDAN, P.J., and FORT HOOD and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant in this no-fault action. We affirm.

## I. FACTUAL BACKGROUND

The pertinent facts in this case are not in dispute. On July 11, 2014, plaintiff lost control of his motorcycle after coming into contact with tire debris on the road and sustained a variety of injuries. At the time of the accident, plaintiff held an automobile insurance policy issued by defendant, which provided no-fault personal protection insurance ("PIP") coverage in accordance with Michigan's no-fault act, MCL 500.3101 *et seq.* Plaintiff submitted claims to defendant for PIP benefits related to the injuries that he sustained in the accident, which defendant refused to pay.[2]

---

[1] In the trial court, defendant noted that plaintiff misidentified it as "GEICO General Insurance Company," explaining that plaintiff's insurer was actually "GEICO Indemnity Company." However, defendant did not move to amend the case caption in the trial court. Accordingly, the case caption of the trial court's order granting defendant's motion for summary disposition lists "GEICO General Insurance Company" as the defendant in this action, but it references both names in the body of its order.

[2] Plaintiff's insurance policy also provided uninsured motorist coverage ("UIM") in the event of an accident with an uninsured motorist or a hit-and-run motorist. Plaintiff alleged in his

Subsequently, in May 2015, plaintiff filed a complaint against defendant. Most relevant to this appeal, he alleged that defendant breached its contractual duties under the insurance policy by failing to pay his claims for PIP benefits, and he requested declaratory relief.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (C)(10), arguing that plaintiff failed to state a claim on which relief could be granted because his accident did not arise out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle, as required under MCL 500.3105(1), or show involvement of a motor vehicle, as required under MCL 500.3114(5). Likewise, defendant argued that the tire debris did not fall within the definition of "motor vehicle" under the insurance policy and the no-fault act, such that plaintiff's injuries did not result from a motor vehicle accident. Plaintiff disagreed, arguing, *inter alia*, that summary disposition was improper because the tire debris that caused his accident undisputedly came from a motor vehicle, meaning that his accident necessarily involved a motor vehicle.

The trial court granted defendant's motion, concluding that plaintiff "has no viable claim for personal injury protection benefits . . . because the motorcycle accident which is the subject matter of this litigation did not involve the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle."

## II. STANDARD OF REVIEW

This Court reviews *de novo* a trial court's grant or denial of summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). Defendant's motion for summary disposition was made under both MCR 2.116(C)(8) and MCR 2.116(C)(10). The trial court did not specify under which subrule it granted defendant's motion; it only stated that plaintiff did not have a viable claim or cause of action as a matter of law. Based on the nature of the parties' oral arguments on defendant's motion and the trial court's statements and ruling in response to those arguments, it appears that the trial court did not consider any materials outside of the pleadings.[3] Accordingly, review under MCR 2.116(C)(8) is appropriate. See *Spiek v Michigan Dep't of Transp*, 456 Mich 331, 338; 572 NW2d 201 (1998).

> "MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone
> to determine whether the plaintiff has stated a claim on which relief may be
> granted." *Spiek*, 456 Mich at 337; MCR 2.116(G)(5). "A motion under MCR

complaint that defendant breached its contract with him by failing to pay UIM benefits, and the trial court granted defendant's motion for summary disposition with regard to plaintiff's PIP benefits claim and his UIM benefits claim. However, plaintiff's brief on appeal includes no discussion regarding the trial court's ruling on the UIM benefits issue. Thus, we conclude that plaintiff has abandoned any claims related to his entitlement to UIM benefits, and we will not discuss any facts or law related to that issue. See *Tyra v Organ Procurement Agency of Michigan*, 498 Mich 68, 88-89; 869 NW2d 213 (2015) (declining to address issues that were abandoned due to a party's failure to brief the issues).

[3] We note that defendant attached a copy of plaintiff's insurance policy to its motion for summary disposition, and defendant's counsel referenced the policy during oral argument on the motion. However, there is no indication that the trial court considered the policy.

2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (citation and quotation marks omitted). "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Id*. However, unsupported statements of legal conclusions are insufficient to state a cause of action. *ETT Ambulance Serv Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994). [*Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 445; 886 NW2d 445 (2015).]

## III. ANALYSIS

The sole issue raised by plaintiff in this appeal is that the trial court erred when it granted summary disposition in favor of defendant on his claim for no-fault PIP benefits because the accidental injuries that he sustained when his motorcycle stuck the tire debris did, in fact, arise out of the ownership, operation, maintenance, or use of a motor vehicle. We disagree. The trial court properly granted defendant's motion because plaintiff's accident did not sufficiently involve a motor vehicle to support a PIP claim.

"Liability for no-fault personal protection benefits is governed by MCL 500.3105." *Detroit Medical Center v Progressive Mich Ins Co*, 302 Mich App 392, 394; 838 NW2d 910 (2013) (quotation marks and citation omitted.) Pursuant to MCL 500.3105(1), " '[t]he no-fault act provides coverage for accidental bodily injury 'arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.' " *Id*., quoting *Greater Flint HMO v Allstate Ins Co*, 172 Mich App 783, 786; 432 NW2d 439 (1988), quoting MCL 500.3105(1). Under the no-fault act, a motorcycle does not constitute a "motor vehicle." MCL 500.3101(2)(e);[4] *Detroit Medical Center*, 302 Mich App at 394-395. Thus, in order for an injured motorcyclist to recover first-party PIP benefits under the no-fault act, the " 'accident [must] arise[] out of the ownership, operation, maintenance or use of a [separate] motor vehicle.' " *Detroit Medical Center*, 302 Mich App at 395, quoting *Autry v Allstate Ins Co*, 130 Mich App 585, 590; 344 NW2d 588 (1983). See also *Underhill v Safeco Ins Co*, 407 Mich 175, 185-186; 284 NW2d 463 (1979); *Auto Club Ins Ass'n v State Auto Mut Ins Co*, 258 Mich App 328, 331; 671 NW2d 132 (2003). In *Detroit Medical Center*, this Court explained the degree of causation that is required under MCL 500.3105:

> There is no "iron-clad rule" as to what level of involvement is sufficient under MCL 500.3105. *Dep't of Social Services v Auto Club Ins Ass'n*, 173 Mich App 552, 557; 434 NW 2d 419 (1988). However, "while the automobile need not be the proximate cause of the injury, there still must be a causal connection

---

[4] At the time of the accident in this case, the definitions of "motorcycle" and "motor vehicle" were codified at MCL 500.3101(2)(c) and (2)(e), respectively. The statute was amended by 2014 PA 492, effective January 13, 2015. Those definitions are now codified at MCL 500.3101(2)(f) and (h), respectively. Motorcycles are excluded under the definition of "motor vehicle" under both versions of the statute.

between the injury sustained and the ownership, maintenance or use of the automobile and which causal connection is more than incidental, fortuitous or but for." *Kangas v Aetna Cas & Surety Co*, 64 Mich App 1, 17; 235 NW2d 42 (1975). "The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Id*. The causal connection between the injuries and the motor vehicle "cannot be extended to something distinctly remote," *Jones*, 129 Mich App at 192 (citation and quotation marks omitted); see also *Keller v Citizens Ins Co of America*, 199 Mich App 714, 715; 502 NW2d 329 (1993). Moreover, the injuries must be more than "tangentially related to the use of an automobile" to trigger the entitlement to no-fault benefits. *Bromley*, 113 Mich App at 135. Actual physical contact between a motorcycle and a motor vehicle is not required to establish the requisite involvement of a motor vehicle in an accident as long as "the causal nexus between the accident and the car is established." *Id*.; *Greater Flint HMO*, 172 Mich App at 788. For a motor vehicle to be involved in an accident, it "must actively, as opposed to passively, contribute to the accident," and have "more than a random association with the accident scene." *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 35, 39; 528 NW2d 681 (1995). "[T]here must be some activity, with respect to the vehicle, which somehow contributes to the happening of the accident." *Brasher v Auto Club Ins Ass'n*, 152 Mich App 544, 546; 393 NW2d 881 (1986). [*Detroit Medical Ctr*, 302 Mich App at 395-396 (footnote omitted).]

Even when construed in the light most favorable to plaintiff, see *Kyocera Corp*, 313 Mich App at 445, plaintiff's complaint fails to state a PIP claim for which relief can be granted. Plaintiff contends that the trial court erred by assuming that the tire debris were not related to a motor vehicle, but plaintiff's claim fails even if we assume that the tire debris came from a motor vehicle. At most, an unknown motor vehicle passively contributed to plaintiff's accident by depositing the debris in the road. Accordingly, plaintiff's injuries were only tangentially related to a motor vehicle, as there is no indication that a motor vehicle engaged in any *activity* that played a causal role in the accident. See *Detroit Medical Ctr*, 302 Mich App at 395-396. Likewise, as this Court previously concluded in *Ricciuti v Detroit Auto Inter-Ins Exch*, 101 Mich App 683, 685-686; 300 NW2d 681 (1980), an accident that results from debris that was deposited by an unknown motor vehicle at some point prior to the incident is merely "incidentally or fortuitously related to the ownership, use, or maintenance of a motor vehicle."

Therefore, the trial court properly granted defendant's motion for summary disposition with regard to plaintiff's PIP benefits claim because the allegations in his complaint did not establish the requisite causal connection between plaintiff's accident and a motor vehicle.

IV. CONCLUSION

Plaintiff has failed to demonstrate that he is entitled to relief.

Affirmed.


/s/ Michael J. Riordan
/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto