*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN STUTH,

UNPUBLISHED
October 6, 2022

Plaintiff/Counterdefendant-Appellee,

v

No. 357244
Washtenaw Circuit Court

HOME-OWNERS INSURANCE COMPANY,

LC No. 19-000710-NF

Defendant/Counterplaintiff-Appellant.

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

M. J. KELLY, J. *(concurring in part and dissenting in part).*

I concur with the majority that the trial court did not err by finding the presence of a white van. However, because I believe that there was a sufficient casual connection between the van's actions and plaintiff John Stuth's injuries, I respectfully dissent from the majority's conclusion holding otherwise.

While driving his motorcycle between 35 and 40 miles per hour, Stuth was rounding a curve on a two-lane road when he was confronted by the startling sight of white van that crossed the first and touched the second double line in the middle of the roadway. Fearing the white van was going to enter his lane of travel, Stuth took evasive action, lost control of his motorcycle, left the roadway and crashed. As aptly recognized by the majority, "there must be some activity by the motor vehicle that contributes to the happening of the accident beyond its mere presence." *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 398-399; 838 NW2d 910 (2013). "[A] motor vehicle is not involved in the accident merely because of the motorcyclist's subjective, erroneous perceived need to react to the motor vehicle." *Id*. at 398. Instead, a motor vehicle is involved in an accident when its actions create an "actual, objective need for the motorcyclist to take evasive action." *Id*. at 399. The majority, however, concludes that because the van did not actually cross over and into Stuth's lane, his "incorrect, subjective belief" vitiates any contribution the van made to the crash. I disagree.

-1-

Apparently, under the majority's logic, had the van moved one inch farther and actually entered his lane, that would have been enough to have considered the van to be involved in the crash. This distinction and the split-second decision that needed to be made when Stuth observed the van on the yellow line, strikes me as ignoring reality. It also ignores statutory law. MCL 257.642(1) requires a motorist to travel *within* a single lane.[1] Crossing over the first of two yellow lines is in violation of this law and would have subjected the driver of the van to a civil infraction.

It is also difficult—if not impossible—to compare the facts of this case to those of *Detroit Med Ctr*, which is relied upon by the majority. In that case:

> The motorcyclist, who was traveling upward of 100 miles an hour on a dark and deserted side street that intersected with Jefferson Road, saw bright headlights from an approaching motor vehicle. The motorcyclist applied his brakes to avoid colliding with the vehicle, causing the motorcycle to fishtail. The motorcyclist then lost control of the motorcycle and he "drop [ped the] bike on its side," hit the sidewalk, and fell. The motorcycle never came into contact with the vehicle. [*Detroit Med Ctr*, 302 Mich App at 394.]

In short, the vehicle simply did nothing improper and was merely driving down a street at nighttime with its lights on.

In contrast, under the circumstances presented here—a van committing a civil infraction by not staying within a single lane while rounding a curve—I cannot agree that there was not an "actual, objective" need for Stuth to have taken evasive action nor that the activity of the van did not contribute "to the happening of the accident beyond its mere presence." See *id*. In hindsight, Stuth may or may not have needed to take the actions he did for what he at the time deemed necessary in order to avoid a head-on collision with the white van. But, like the trial court, I believe that his actions in doing so were not objectively unnecessary. Indeed, because it is an objective, not a subjective standard, I would not consider dispositive Stuth's after-the-fact speculation that if he had not taken evasive action he would have not been struck by the vehicle. The question is whether, under an objective standard, there was an actual need to take evasive action at the time of the crash. In light of the evidence showing that Stuth had a split second to

---

[1] MCL 257.642(1) provides:

> (1) When a roadway has been divided into 2 or more clearly marked lanes for traffic, the following rules in addition to all other rules that are consistent with this act apply:

> (a) A vehicle must be driven as nearly as practicable entirely within a single lane and must not be moved from the lane until the operator has first ascertained that the movement can be made with safety. On a roadway with 4 or more lanes that provides for 2-way movement of traffic, a vehicle must be operated within the extreme right-hand lane except when overtaking and passing, but must not cross the center line of the roadway except where making a left turn.

react to the white van crossing one of the center lines and moving toward his lane of travel while it was navigating a curve, there was an actual, objective need to take evasive action.

Therefore, I respectfully dissent.

/s/ Michael J. Kelly