*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON MEEKS,

Plaintiff-Appellant,

UNPUBLISHED
October 27, 2022

v

No. 358124
Wayne Circuit Court
LC No. 20-000049-NF

ESURANCE INSURANCE COMPANY,

Defendant-Appellee.

Before: RONAYNE KRAUSE, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

In this action under the no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals as of right the trial court order granting summary disposition in favor of defendant. We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The issue in this case is whether plaintiff's need for attendant care and replacement services following spinal surgery was caused by a previous injury or injuries sustained in a car accident. Plaintiff suffered her first spinal injury in 2006, and had surgery on her lower back in 2007. Plaintiff had been experiencing back and neck pain before the accident, and had been treated by at least two physicians for several months in 2017 and 2018. On April 24, 2018, plaintiff signed a consent form for surgery on her spine, which was scheduled for May 14, 2018. On April 26, 2018, plaintiff was involved in a motor vehicle accident in which another driver collided with her vehicle. The morning after the accident, plaintiff sought treatment at Providence Hospital because she was experiencing swelling throughout her body and increased pain. After several visits to physicians and the emergency room in the days that followed, plaintiff underwent emergency surgery on her spine on May 5, 2018, nine days before her surgery was scheduled. After the surgery, plaintiff received 24 hours of attendant care for some time, then received 16 hours of care seven days a week.

On January 2, 2020, plaintiff filed a single-count complaint alleging that defendant failed to pay personal protection insurance (PIP) benefits for treatment and services arising from the accident. On January 6, 2021, defendant moved for summary disposition under MCR

-1-

2.116(C)(10). Defendant argued that there was no question of material fact that plaintiff's medical bills relating to her surgery were not a result of her injuries from the accident because she was already scheduled to have spinal surgery when the accident occurred. Plaintiff argued in response that there was a question of fact because her physician opined that she suffered injuries in the accident. On February 24, 2021, the trial court entered an opinion and order granting summary disposition in favor of defendant on all claims, reasoning that, even if the accident worsened plaintiff's pain, the surgery had already been scheduled when the accident occurred, so the surgery did not arise from the accident.

On March 17, 2021, plaintiff moved for relief from judgment on the ground that defendant's motion only sought summary disposition on the issue regarding damages related to her spinal surgery, and it did not seek summary disposition on claims other than those related to the surgery. On March 29, 2021, the trial court entered an order reinstating plaintiff's claims for benefits unrelated to the surgery.

On June 21, 2021, defendant again moved for summary disposition under MCR 2.116 (C)(7) and (10). Defendant argued that plaintiff could not show that the attendant care and replacement services were not a direct result of the surgery. In response, plaintiff argued that physicians had opined that her injuries were worsened by the accident, the accident was a cause of her injuries, and she should, therefore, be able to recover benefits for the attendant care and replacement services. The trial court entered an opinion and order granting summary disposition in favor of defendant under MCR 2.116(C)(10), reasoning that there was no genuine issue of material fact that the attendant care and replacement services related solely to the surgery and the fact that the accident might have increased plaintiff's pain was of no consequence. Plaintiff appeals that order.

## II. STANDARD OF REVIEW

A trial court's determination on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "A motion made under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and when the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). When considering such a motion, this Court "considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, in a light most favorable to the party opposing the motion." *Sanders v Perfecting Church*, 303 Mich App 1, 4; 840 NW2d 401 (2013) (quotation marks and citation omitted). A genuine issue of material fact exists when the record presents an issue of fact over which reasonable minds may differ. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

## III. DISCUSSION

### A. SUMMARY DISPOSITION

When the trial court decided defendant's first motion for summary disposition, it found that there was no genuine issue of material fact that plaintiff's spinal surgery was not caused by plaintiff's car accident. Plaintiff argues on appeal that the trial court erred when it granted

summary disposition in favor of defendant on the basis of its finding that plaintiff's injuries not related to the spinal surgery were not caused by the accident. We agree.

Under MCL 500.3105(1), "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle . . . ." Under this provision, an insurer is only liable for benefits causally connected to the insured's injury. *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 530-531; 697 NW2d 895 (2005). "Accordingly, a no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident." *Id*. at 531. Also,

> an insurer is liable to pay benefits for accidental bodily injury only if those injuries aris[e] out of or are caused by the ownership, operation, maintenance or use of a motor vehicle . . . . It is not any bodily injury that triggers an insurer's liability under the no-fault act. Rather, it is only those injuries that are caused by the insured's use of a motor vehicle. [*Id*. (quotation marks omitted).]

The Supreme Court has explained that "an injury arises out of the use of a motor vehicle as a motor vehicle when the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or but for." *McPherson v McPherson*, 493 Mich 294, 297; 831 NW2d 219 (2013) (quotation marks and citation omitted). It is not required that the cause of the injury rise to the level of proximate causation to trigger an insured's entitlement to benefits. *Detroit Med Ctr v Progressive Mich Ins Co*, 302 Mich App 392, 395; 838 NW2d 910 (2013). When a plaintiff has a preexisting condition, "recovery is allowed if the trauma caused by the accident triggered symptoms from that condition." *Wilkinson v Lee*, 463 Mich 388, 395; 617 NW2d 305 (2000). Whether a plaintiff suffered accidental bodily injury arising from the use of a motor vehicle is generally a question for the jury. *Allard v State Farm Ins Co*, 271 Mich App 394, 406-407; 722 NW2d 268 (2006).

This Court considered whether the exacerbation of an existing spinal injury was caused by the use of a motor vehicle in *Allard*, *id*. at 407-408. In that case, the plaintiff alleged that he injured his back while fueling his vehicle, and the defendant denied his claim for PIP benefits because it attributed his symptoms to a preexisting degenerative spinal condition. *Id*. at 396. The case proceeded to trial, and the trial court entered a judgment of no cause of action in favor of the defendant on the basis of the jury's finding that the plaintiff's injury was not caused by the accident he sustained while maintaining his vehicle. *Id*. at 396-397. The plaintiff appealed the trial court's denial of his motion for a new trial or judgment notwithstanding the verdict. *Id*. at 406. This Court affirmed the judgment entered by the trial court. *Id*. at 408. It reasoned that there was conflicting testimony regarding whether the accident worsened the plaintiff's condition, and it was the sole province of the jury to weigh the evidence, assess the credibility of witnesses, and make factual findings. *Id*.

In this case, the trial court erred when it found no genuine issue of material fact regarding whether plaintiff suffered an injury, or exacerbated her existing injury, arising from the April 26, 2018 car accident. Although plaintiff had a severe spinal condition before the accident, there was evidence that plaintiff suffered injuries to her spine in a location separate from the area of her spinal surgery, meaning there could have been a new injury resulting from the accident. Plaintiff's

physician opined that her pain was "secondary to the severe nerve impingement at C56 and C57, bilaterally, caused by her previous motor vehicle accident on 4/26/2018." However, the surgery plaintiff underwent was for an anterior cervical decompression and fusion of C34. Plaintiff's medical records, besides those physician notes, do not mention any injury to her spine at C56 and C57.

There was also evidence that plaintiff's existing injury was worsened by the accident. A physician stated that plaintiff's condition was in a stable state before the accident. Plaintiff testified that, after the accident, she turned her head and "something snapped." Plaintiff then experienced swelling across her body, which had never occurred before the accident. Plaintiff underwent three trips to the emergency room in the days following the accident. Plaintiff's spinal surgery was initially scheduled for May 14, 2018. Instead, she had emergency surgery on May 5, 2018, after her third postaccident trip to the emergency room. Defendant's independent medical examiner concluded that plaintiff required attendant care and household replacement services without ruling out the possibility that the need for the services could be a result of the accident.

Like in *Allard*, there is conflicting evidence regarding whether the accident caused a worsening of plaintiff's condition and, therefore, the issue must be resolved by a jury. *Id*. at 407-408. The trial court's opinion and order granting partial summary disposition in favor of defendant only considered the facts that plaintiff already had spinal surgery scheduled and the accident caused her worsening pain. However, plaintiff suffered more than worsening pain after the accident. As discussed, there was evidence that plaintiff may have suffered a new injury and evidence that her condition worsened following the accident. This shows there was a question of fact regarding the existence of a causal relation between the accident and plaintiff's injuries that was more than incidental, fortuitous, or but for. Further, according to the independent medical evaluation, plaintiff had not returned to her medical status from before the accident, despite her surgery. There is a reasonable inference to be drawn in plaintiff's favor that the surgery, absent the accident, would have improved her condition, or at least maintained it. While it is possible that plaintiff's condition would have worsened if the accident had not happened, viewing the evidence in the light most favorable to plaintiff requires assuming the accident worsened plaintiff's condition. *Sanders*, 303 Mich App at 4. Therefore, there exists a question of fact regarding whether plaintiff suffered new injuries or exacerbated existing ones as a result of the accident. The trial court erred when it granted summary disposition in favor of defendant.

## B. CLAIMS RELATED TO PLAINTIFF'S SURGERY

When deciding defendant's second motion for summary disposition, the trial court relied on the finding in its previous order that plaintiff's need for spinal surgery was not caused by the accident and plaintiff could not recover damages for expenses relating to the surgery. Plaintiff argues that the trial court erred when it dismissed all claims related to her spinal surgery, specifically for attendant care and replacement services. We agree.

Regarding attendant care services, an insured is able to recover PIP benefits for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation. . . ." MCL 500.3107(1)(a). Expenses related to an insured's care are for the services, products, and accommodations, necessitated by the injuries sustained in the accident, that do not help restore the

insured to her preinjury state. *Griffith*, 472 Mich at 535. To show entitlement to allowable expenses, including attendant care services, four conditions must be met: "(1) the expense must be for an injured person's care, recovery, or rehabilitation, (2) the expense must be reasonably necessary, (3) the expense must be incurred, and (4) the charge must be reasonable." *Douglas v Allstate Ins Co*, 492 Mich 241, 259; 821 NW2d 472 (2012). The need for care must be connected to the insured's injury. *Id*. at 260.

One provides replacement services, on the other hand, when he or she provides "ordinary and necessary services that replace services that the injured person would have performed for the benefit of himself or herself or of his or her dependent." *Id*. at 262 (quotation marks and citation omitted). The relevant statute provides:

> Expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he or she had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or herself or of his or her dependent. [MCL 500.3107(1)(c).]

Essentially, replacement services constitute the ordinary household tasks that the insured is no longer able to perform, "including daily organization of family life; preparation of family meals; yard, house, and car maintenance; and daily chores." *Douglas*, 492 Mich at 262.

Plaintiff argues that there was a causal connection between her injuries sustained in the accident and her need for the attendant care and replacement services, entitling her to PIP benefits for those services. The trial court ruled that plaintiff could not recover for attendant care and replacement services because she had failed to show that they did not arise solely from causes unrelated to her spinal surgery, relying on its previous ruling that defendant was not liable for any expenses relating to the surgery. The trial court did not apply the correct standard for whether defendant is liable. There is no requirement that the motor vehicle accident be the sole cause of a plaintiff's injury. A plaintiff may still recover PIP benefits when there are more than one independent causes of the injury. *Scott v State Farm Mut Auto Ins Co*, 278 Mich App 578, 585; 751 NW2d 51 (2008), vacated in part by 482 Mich 1074 (2008). Therefore, plaintiff need only show that her injuries from the accident were an independent cause of her need for services.

In this case, there is an issue of fact regarding whether plaintiff's need for attendant care and replacement services arose independently of her need for services following her surgery. As discussed previously, plaintiff established a genuine issue of material fact whether the accident caused new injuries or exacerbated existing injuries. The fact that there is evidence the accident could have contributed to plaintiff's need for the surgery is enough to support the conclusion that defendant could be liable for any postsurgery care. MCL 500.3107(1)(a). Even if that were not the case, there is also enough evidence to establish a question of fact regarding whether plaintiff's need for services could have arisen independently of her surgery. There is evidence in the record that plaintiff's condition remained worse than her preaccident condition, despite her surgery. This leads to a reasonable inference that the accident either undermined the efficacy of the surgery or created an additional injury. Plaintiff also has serious issues with vertebrae that were not operated on during the surgery. And, again, defendant's independent medical examiner could not conclude that plaintiff's need for attendant care and household replacement services were not a result of the

accident. From this evidence, a reasonable jury could conclude that plaintiff's accident is an independent cause of her need for attendant care and replacement services. See *Scott*, 278 Mich App at 585.

There is also an issue of fact whether the attendant care plaintiff received meets the conditions to be an allowable expense and compensable. In *Douglas*, the Court explained that an expense is an allowable expense when the care relates to assisting the insured with tasks related to her injuries. *Douglas*, 492 Mich at 262. Relevant to plaintiff's claims, attendant care services include assisting with walking, dressing, and transporting the person to medical appointments. *Id*. at 261-262. Plaintiff testified that she required all of those services. And the independent medical examiner also opined she needed them. Regarding the next requirement, the expenses must be reasonably necessary, based on an objective standard. *Id*. at 264-265. Plaintiff can meet this standard, for at least some of her claims, because she had a prescription for attendant care services from October 6, 2020, through November 5, 2020, and, also, the independent medical examination report states that plaintiff had an ongoing need for attendant care services. Regarding whether costs were incurred, plaintiff's case evaluation summary indicates that attendant care services were billed at $17 an hour, over approximately one year, and whether those charges are reasonable is a question of fact. *Id*. at 274. Plaintiff can, likewise, show that she incurred compensable costs for replacement services. The independent medical examiner concluded that plaintiff required replacement services. And plaintiff testified in her deposition that she had a caretaker handle chores around her home. Accordingly, plaintiff can meet her burden of showing the attendant care services she received were an allowable expense, and that she qualifies for replacement services.

In sum, plaintiff has established a genuine issue of material fact regarding whether she sustained new injuries or a worsening of existing injuries related to the accident and whether her need for attendant care and replacement services stemmed from the accident. Accordingly, the trial court erred when it granted summary disposition in favor of defendant.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Christopher M. Murray